UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No.: 09-61689-Civ-Dimitrouleas/Snow

BRADLEY R. KARNS,

    Plaintiff,

v.

PRIME ASSET RECOVERY, INC. d/b/a
ACH CREDIT RECOVERY SERVICES and
BRIAN KOZIEL,

    Defendants.
_____/

## PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE AND STATUS REPORT

Plaintiff, BRADLEY R. KARNS, responds to the Court's Order to Show Cause, (DE 12), and states as follows:

1.    Although Defendants have not filed an appearance, an attorney, Patrick M. Corbett, Esq. of Buffalo, NY did contact Plaintiff's counsel and the parties engaged in settlement negotiations, exchanging correspondence, settlement offers and evidence on November 13, and 18, 2009 and February 18, and 19, 2010. Mr. Corbett initially claimed that a Florida based attorney would be appearing, which did not occur. Thus, Plaintiff did make some efforts to prosecute the case. Plaintiff is now faced with the inability to obtain evidence to prove the amount of his damages.

2.    Since Defendants have defaulted, the well-pled allegations of the complaint are taken as true and the only issue remaining for determination is the amount of damages. In order for Plaintiff's to prove the full amount of his damages, he needs the right to engage in discovery to obtain evidence to show the number of violative calls and

thus the amount of his damages regarding his claim under the Telephone Consumer Protection Act, 47 U.S.C §227, *et seq.* ("TCPA"). See Count IX, Complaint, (DE 1).

3. Under the TCPA, damages are determined by reference to the number of telephone calls placed to Plaintiff's cellular telephone using a automatic telephone dialing system or a pre-recorded message. Minimum statutory damages are $500.00 per violative call and if the calls are shown to be willful or knowing the damages may be trebled to $1,500.00 per call.[1] Thus, the number of calls is essential to a determination of damages. Plaintiff received an unknown number of telephone calls from Defendant on his cellular telephone and made audio recordings of nine of the messages he received which were preserved as evidence and transcripts of which are cited in paragraph 13 of the Complaint (DE 1) along with an allegation in paragraph 14 that he received messages on other occasions. Plaintiff now faces the need to prove the full amount of damages, however, prior to the holding of a joint scheduling conference, which cannot be held since

---

[1] The TCPA provides:

(3) Private right of action. A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State—

(A) an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,

(B) an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or (C) both such actions.

If the court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under subparagraph (B) of this paragraph.

47 USCS § 227

Defendants have not appeared, he cannot engage in discovery. See Rule 26. It is commonplace for a consumer to receive many violative calls but not have a record of the number of calls. In <u>Hicks v Client Services, Inc.</u> Case No. 07-61822-CIV-Dimitrouleas/Snow, (S. D. Fla.) the Plaintiff had recordings of only two calls, yet after obtaining the account history notes in discovery she was able to show on summary judgment that Defendant had placed 48 violative calls to her cellular telephone. In the Hick's case, the Court entered summary judgment against Defendant for 48 violative calls resulting in an automatic award of statutory damages of $24,000.00 (48 violations x $500.00). See Second Amended Complaint (DE 33) paragraph 9, showing two recordings, and Order Granting in Part Plaintiff's Motion for Summary Judgment (DE 148), showing judgment entered for 48 violative calls. In <u>Sclafani v IC Systems, Inc.</u>, Case No.: 09-60174-Civ-Huck/O'Sullivan, (S. D. Fla.), the Plaintiff had retained only 4 audio recordings. See Complaint, (DE 1) paragraph 10, yet, after the benefit of discovery, at a bench trial tried by consent before United States Magistrate Judge John J. O'Sullivan, Plaintiff demonstrated 75 violative calls and judgment was entered for $37,500.00 (75 violative calls x $500.00). See Final Judgment (DE 28). In <u>Pollock v Bay Area Service, LLC</u>, Case No.: 08-61101-Civ-Dimitrouleas/Snow, (S. D. Fla.). the Plaintiff had retained only 3 audio recordings. See paragraph 11, Complaint (DE 1), yet after receiving the benefit of discovery, Plaintiff was able to show on summary judgment that Defendant had placed 187 calls to her cellular telephone using an automatic telephone dialing system leaving the issue of whether Plaintiff consented to the calls for the jury to decide. See Omnibus Order, (DE 53). In the Hicks case, the Plaintiff could have shown damages of only $1,000.00 (two calls x $500.00) in the absence of discovery, yet was able to show

statutory damages of $24,000.00 after having the benefit of discovery. In the Sclafani case, Plaintiff could have shown damages of only $2,000.00 (four violative calls x $500.00) without the benefit of discovery, yet was able to show statutory damages of $37,500.00 after having the benefit of discovery. Because Plaintiff needs the right to discovery to prove the full amount of his damages, Plaintiff respectfully requests the Court give Plaintiff the right to engage in discovery – a right he does not now possess – for a period of 90 days so that he may subpoena records, and take any necessary depositions. Plaintiff seeks 90 days as Defendants, through their counsel have claimed in writing that they have maintained some records but those records are not sufficient to show the number of violative calls – which seems improbable but even if true, a record can be obtained from Defendant's long distance telephone carrier showing the number of calls placed to Plaintiff. Defendants are experienced debt collectors and presumably know that they can prevent Plaintiff form obtaining proof of his damages by simply defaulting and withholding proof of the true amount of Plaintiff's damages and thereby escape liability for the full amount of damages. It is unfair for Plaintiff to not have access to records necessary to prove the full amount of his damages. Plaintiff respectfully requests the right to discovery for 90 days to obtain evidence of the full amount of his damages. Plaintiff will file a motion for entry of final judgment at the close of the 90 days and attaches a proposed order. A period of 90 days is appropriate as Plaintiff must first depose Defendants to determine the identity of Defendants' long distance telephone carrier and the subpoena records from the carrier to obtain the number of calls placed to Plaintiff's cellular telephone. Plaintiff cannot obtain the number of calls from his own telephone carrier as Plaintiff's cellular telephone carrier does not bill for incoming calls

which are answered by voice mail nor does it bill for calls that are not answered at all and thus Plaintiff's cellular telephone bills do not show the total number of calls placed by Defendants.

        Respectfully submitted,

        DONALD A. YARBROUGH, ESQ.
        Attorney for Plaintiff
        Post Office Box 11842
        Fort Lauderdale, Florida 33339
        Telephone: (954) 537-2000
        Facsimile: (954) 566-2235
        donyarbrough@mindspring.com

        <u>s/Donald A. Yarbrough</u>
        Donald A. Yarbrough, Esq.
        Florida Bar No. 0158658

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No.: 09-61689-Civ-Dimitrouleas/Snow

BRADLEY R. KARNS,

    Plaintiff,

v.

PRIME ASSET RECOVERY, INC. d/b/a
ACH CREDIT RECOVERY SERVICES and
BRIAN KOZIEL,

    Defendants.
_____/

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on March 11, 2010, I electronically filed the foregoing document with the Clerk of Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

                                              s/Donald A. Yarbrough
                                              Donald A. Yarbrough, Esq.

## SERVICE LIST

BRIAN KOZIEL
Suite 173
4779 Transit Road
Depew, New York 14043

<u>Via U.S. Mail</u>

PRIME ASSET RECOVERY, INC. d/b/a
ACH CREDIT RECOVERY SERVICES
Suite 173
4779 Transit Road
Depew, New York 14043

<u>Via U.S. Mail</u>

Mr. Patrick M. Corbett, Esq.
64 Fairvale Drive
Buffalo, NY 14225
Telephone: 716-903-1144
Facsimile: 716-250-3173
Email: pat.corbettlaw@gmail.com

<u>Via U.S. Mail and e-mail</u>